UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL J. DAWE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　Case No. 8:09-cv-620-T-30AEP

**JEFFREY ROGERS, ADAM BUGG,
LESTER ARADIS, and CITY OF
LARGO, FLORIDA,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Jeffrey Rogers and Adam Buggs' Motion for Attorneys' Fees and Costs (Dkt. 52) and Plaintiff's Response in Opposition of same (Dkt. 55). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendants Jeffrey Rogers and Adam Buggs' Motion for Attorneys' Fees and Costs (Dkt. 52) should be denied.

## DISCUSSION

Plaintiff Michael J. Dawe ("Plaintiff") brought this action against Defendants Jeffrey Rogers and Adam Bugg (collectively, "Defendants"), alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 and violations of Florida tort law. On January 15, 2010, the Court granted Defendants' dispositive motion for summary judgment (Dkt. 48) and on January 19, 2010, final summary judgment was entered in Defendants' favor and against Plaintiff (Dkt. 49).

On February 2, 2010, Defendants filed the instant motion, arguing that they are entitled to attorneys' fees and costs, because Plaintiff's claims against them were frivolous, unreasonable, or without foundation. (Dkt. 52). On February 16, 2010, Plaintiff filed his response in opposition to Defendants' motion for attorneys' fees. Plaintiff argues that merely because he did not ultimately prevail on his federal claims does not determine that his claims were frivolous or groundless. (Dkt. 55).

In *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182 (11th Cir. 1985), the Eleventh Circuit stated "that a district court may in its discretion award attorney's fees to a prevailing defendant in a ... section 1983 action upon a finding that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation." *Id.* at 1188. "[I]n determining whether a suit is frivolous, a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Id.* at 1189.

Thus, for Defendants to receive attorneys' fees as prevailing parties, the Court must determine that Plaintiff's claims were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *see also Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The Supreme Court in *Christianburg* cautioned, as follows:

> [i]n applying these criteria, it is important to resist the understandable temptation to engage in *ad hoc* reasoning by concluding that, because a plaintiff did not prevail, his action must have been unreasonable or without foundation. This kind of hindsight

> logic could discourage all but the most airtight claims ... Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

434 U.S. at 421-22.

Even if a defendant prevails on summary judgment in a § 1983 suit for damages, an award of attorneys' fees is not appropriate if the case was difficult, *see Busby v. City of Orlando,* 931 F.2d 764, 787 (11th Cir. 1991) ("although a majority of this panel believe that Chief Walsh is entitled to a directed verdict, we strongly note that this is a most difficult case. Accordingly, under the law of our circuit, the award of attorneys fees is inappropriate"), or if the "plaintiff's claims [were] meritorious enough to receive careful attention and review." *See id.* at 787; *see also Walker v. Nationsbank of Fla. N.A.,* 53 F.3d 1548, 1559 (11th Cir. 1995) ("[A] plaintiff's claim should not be considered groundless or without foundation for the purpose of awarding fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review"). In *Hughes*, the Supreme Court noted:

> Even those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals ... Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christianburg*.

449 U.S. at 15-16.

In this case, the Court denied Defendants' motion to dismiss and permitted limited discovery on the issue of qualified immunity (Dkt. 29). Ultimately, Plaintiff's claims against Defendants failed because the Court determined, on summary judgment, that Defendants were entitled to qualified immunity. Plaintiff's complaint, however, was sufficiently

"meritorious enough to receive careful attention and review," *Busby, supra,* 931 F.2d at 787.

Accordingly, Defendants' motion for attorneys' fees is be denied. This Order does not preclude Defendants from filing a proposed bill of costs regarding the costs they incurred in this case.

It is therefore ORDERED AND ADJUDGED that Defendants Jeffrey Rogers and Adam Buggs' Motion for Attorneys' Fees and Costs (Dkt. 52) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 19, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-620.mtfees.frm